UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEANETTE J.,

                              Plaintiff,

v.                                                    6:19-CV-0795
                                                      (ML)
ANDREW SAUL,
Commissioner of Social Security Administration,

                              Defendant.
_____

APPEARANCES:                                          OF COUNSEL:

Legal Aid Society of Mid-New York, Inc.               ELIZABETH V. KRUPAR, ESQ.
  Counsel for the Plaintiff
221 South Warren Street, Suite 310
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION                        DANIEL S. TARABELLI, ESQ.
  Counsel for the Defendant
15 New Sudbury Street, Room 625
Boston, Massachusetts 02203


MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER

        Currently pending before the Court in this action, in which Plaintiff seeks judicial review

of an adverse administrative determination by the Commissioner of Social Security, pursuant to

42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1]  Oral

argument was heard in connection with those motions on August 17, 2020, during a telephone

_____

[1]        This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c),
has been treated in accordance with the procedures set forth in General Order No. 18. Under that
General Order once issue has been joined, an action such as this is considered procedurally, as if
cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal
Rules of Civil Procedure.

conference conducted on the record.  At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1)      Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is GRANTED.

2)      The Commissioner's determination that Plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3)      This matter is REMANDED to the Commissioner, without a directed finding of disability, for further administrative proceedings consistent with this opinion and the oral bench decision, pursuant to sentence four of 42 U.S.C. § 405(g).

4)      The Clerk of Court is respectfully directed to enter judgment, based upon this determination, REMANDING this matter to the Commissioner for further administrative proceedings consistent with this opinion and the oral bench decision, pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

Dated: August 24, 2020
        Binghamton, New York

Miroslav Lovric
United States Magistrate Judge
Northern District of New York

```
 1  UNITED STATES DISTRICT COURT

 2  NORTHERN DISTRICT OF NEW YORK

 3  ----------------------------------------------------------

 4  JEANETTE J.

 5          -versus-                         19-CV-795

 6  ANDREW M. SAUL, COMMISSIONER OF

 7  SOCIAL SECURITY

 8  ----------------------------------------------------------

 9              TRANSCRIPT OF TELEPHONE CONFERENCE

10  held in and for the United States District Court, Northern

11  District of New York, at the Federal Building, 15 Henry

12  Street, Binghamton, New York, on August 17, 2020, before

13  the HON. MIROSLAV LOVRIC, United States Magistrate Judge,

14  PRESIDING.

15

16  APPEARANCES:

17  FOR THE PLAINTIFF:

18  LEGAL AID SOCIETY OF MID-NEW YORK, INC.

19  BY:  ELIZABETH V. KRUPAR, ESQ.

20       Syracuse, New York

21

22  FOR THE DEFENDANT:

23  SOCIAL SECURITY ADMINISTRATION

24  BY:  DANIEL TARABELLI, ESQ.

25       Boston, MA
```

Jeanette J. vs Saul

1          THE COURT:  It is my intention now to turn to the

2     Decision and Order that I'm going to issue from this Court.

3     So I first want to start out with a short introduction as it

4     relates to this specific matter.

5               This matter was referred to me for all

6     proceedings and entry of a final judgment pursuant to the

7     Social Security Pilot Program in the Northern District of New

8     York under General Order No. 18.  Also in accordance with the

9     provisions of 28 United States Code Section 636(c).  Also

10    Federal Rule of Civil Procedure 73.  Additionally, Northern

11    District New York Local Rule 73.1 and then lastly by consent

12    of the parties.  This action involves judicial review of an

13    adverse determination made by the Commissioner of Social

14    Security pursuant to Title 42 of United States Code Sections

15    405(g) and 1383(c).

16              In this appeal I have reviewed the following

17    materials:  One, I have reviewed the Social Security

18    Administrative Record, also called the Transcript.  That can

19    be found at Docket No. 8 of this docket.  Included in those

20    materials, I have reviewed the Administrative Law Judge's

21    Hearing Decision and the Transcript of oral hearing.  Those

22    can be found in the Administrative Transcript which I in this

23    decision will be referring to under the letter of T, as in

24    Thomas.  And those items that I reviewed can be found at T.12

25    through 34 and T.35 through 78.  I also carefully reviewed

Jeanette J. vs Saul

1   the plaintiff's brief at Docket No. 9 and equally carefully

2   reviewed defendant's brief at Docket No. 11.  I also did

3   review the other materials in the docket to become familiar

4   with this matter.  Lastly, I have also taken into

5   consideration today's oral arguments presented from both

6   parties in rendering a decision in this matter and in coming

7   to a conclusion.

8            The procedural history of this case is as

9   follows:  The plaintiff protectively filed for Supplemental

10  Security Income, known as SSI benefits, on March 3 of 2016

11  alleging disability beginning on November 7 of 2015.  See T.

12  at 15.  The application was denied initially by a notice

13  dated May 23 of 2016.  See T.15 and T.130 through 135.  On

14  June 29 of 2016 plaintiff requested a hearing before an

15  Administrative Law Judge, hereinafter I refer to that person

16  as an ALJ.  See T.15 and T.137 through 138.  The video

17  hearing was held in front of ALJ John G. Farrell on April 9,

18  2018.  See T.15, T.35 through 78.  Additionally, Thomas

19  Nimberger, a vocational expert, that I may refer to as a VE,

20  also testified at that hearing.  At the hearing found at T.35

21  through 78 the ALJ utilized the five—step process for

22  evaluating disability claims.  See T.15 through 29, and the

23  ALJ found that plaintiff was not disabled from her

24  application date through the date of the decision of June 15,

25  2018.  See T.29, finding at 10.  The ALJ determined because

Jeanette J. vs Saul

1   she was capable of performing jobs in the national economy

2   she was therefore not disabled.  See T.28, finding 9.  See

3   also 20 CFR Section 416.920(a)(4)(i) through (v), describing

4   the steps in the sequential evaluation.  See also 20 CFR

5   Section 416.966(b), stating if the claimant can perform work

6   in the national economy, she is not disabled.  See also *Frye*

7   *ex rel AO versus Astrue* at 485 Fed Appendix 484 at 486, note

8   1, a Second Circuit 2012 case.  In that case stating relevant

9   period in an SSI case is the application date through the

10  date of the decision.  On June 15, 2018 the ALJ issued an

11  unfavorable, that being a not favorable decision.  See T.12

12  through 34.  Plaintiff requested a review of the hearing

13  decision before the Appeals Council on August 6, 2018.  See

14  T.255 through 259.  On May 31, 2019 the Appeals Council

15  denied the request for review, see T.1 through 6, after which

16  time the Commissioner's determination became final and this

17  appeal followed thereafter.

18           Next I point out the generally applicable law

19  that I'm required to apply in reviewing this matter.  First

20  as to the disability standard.  To be considered disabled a

21  plaintiff seeking disability insurance benefits or SSI

22  disability benefits must establish that she is unable to

23  engage in any substantial gainful activity by reason of any

24  medically determinable physical or mental impairment which

25  can be expected to result in death or which has lasted or can

Jeanette J. vs Saul

1   be expected to last for a continuous period of not less than

2   12 months.  See 42 United States Code Section 1382c(a)(3)(A).

3   In addition, the plaintiff's physical and mental impairment

4   or impairments must be of such severity that he is not only

5   unable to do his previous work but cannot, considering his

6   age, education, and work experience, engage in any other kind

7   of substantial gainful work which exists in the national

8   economy regardless of whether such work exists in the

9   immediate area in which he lives or whether a specific job

10  vacancy exists for him, or whether he would be hired if he

11  applied for work.  See 42 United States Code Section

12  1382c(a)(3)(B).

13          The Commissioner uses a five-step process set

14  forth in 20 CFR Sections 404.1520 and 416.920 in order to

15  evaluate disability insurance and SSI disability claims.

16  First, the Commissioner considers whether the claimant is

17  currently engaged in substantial gainful activity.  If he is

18  not, the Commissioner next considers whether the claimant has

19  a severe impairment which significantly limits his physical

20  or mental ability to do basic work activities.  If the

21  claimant suffers such an impairment, the third inquiry is

22  whether, based solely on medical evidence, the claimant has

23  an impairment which meets or equals the criteria of

24  impairment listed in Appendix 1 of the regulations.  If the

25  claimant has such an impairment, the Commissioner will

Jeanette J. vs Saul

1    consider him disabled without considering vocational factors

2    such as age, education and work experience.  Assuming the

3    claimant does not have a listed impairment, the fourth

4    inquiry is whether, despite the claimant's severe impairment,

5    he has the residual functional capacity to perform his past

6    work.  Finally, if the claimant is unable to perform his past

7    work, the Commissioner then determines whether there is other

8    work which the claimant can perform.  See *Berry v Schweiker*

9    at 675 F.2d 464 at 467, Second Circuit case, 1982.  See also

10   20 CFR Sections 404.1520 and 416.920.  The plaintiff has the

11   burden of establishing disability at the first four steps.

12   However, if the plaintiff establishes that her impairment

13   prevents her from performing her past work, the burden then

14   shifts to the Commissioner to prove the final step.

15            Scope of review in examining this matter is as

16   follows:  In reviewing a final decision of the Commissioner,

17   a court must determine whether the correct legal standards

18   were applied and whether the substantial evidence supported

19   the decision.  See *Selian versus Astrue* at 708 F.3d at 417.

20   See also *Brault v Social Security Administration Commissioner*

21   at 683 F.3d 443 at 448, Second Circuit 2012 and also see

22   42 USC Section 405(g).  Substantial evidence is such relevant

23   evidence as a reasonable mind might accept as adequate to

24   support a conclusion.  See *Talavera versus Astrue* at 697 F.3d

25   145 at 151, a Second Circuit 2012 case.  It must be more than

Jeanette J. vs Saul

1   a scintilla of evidence scattered throughout the

2   administrative record.  However, this standard is a very

3   deferential standard of review, even more so than the clearly

4   erroneous standard.  See *Brault*, 683 F.3d at 448.

5              A reviewing Court may not substitute its

6   interpretation of the administrative record for that of the

7   Commissioner, if the record contains substantial support for

8   the ALJ's decision.  See *Rutherford V Schweiker*, 655 F.2d 60

9   at 62, Second Circuit 1982.  In reviewing a final decision by

10  the Commissioner under 42 USC Section 405, the Court does not

11  determine de novo whether a plaintiff is disabled.  See

12  42 USC Sections 405(g) 1383(c)(3), and also see *Wagner v*

13  *Secretary of Health and Human Services* at 906 F.2d 856 at

14  860, a Second Circuit 1990 case.  Rather, the Court must

15  examine the Administrative Transcript to ascertain whether

16  the correct legal standards were applied and whether the

17  decision is supported by substantial evidence.  See *Shaw v*

18  *Chater*, 221 F.3d 126 at 131, a Second Circuit 2000 case.  See

19  *Schaael versus Apfel*, 134 F.3d 496 at 500 to 501, a Second

20  Circuit 1998 case.  Substantial evidence is evidence that

21  amounts to more than a mere scintilla and it has been defined

22  as such relevant evidence as a reasonable mind might accept

23  as adequate to support a conclusion.  See *Richardson versus*

24  *Perales*, 402 United States 389 at 401, 1971.  If supported by

25  substantial evidence, the Commissioner's factual

1   determinations are conclusive and it is not permitted for the

2   courts to substitute their analysis of the evidence.

3   *Rutherford v Schweiker*, 685 F.2d 60 at 62, Second Circuit

4   1982.  In other words, this Court must afford the

5   Commissioner's determination considerable deference, and may

6   not substitute its own judgment for that of the Commissioner,

7   even if it might justifiably have reached a different result

8   upon a de novo review.  *Valente versus Secretary of Health*

9   *and Human Services*, 733 F.2d 1037 at 1041, Second Circuit

10  1984.

11          An ALJ is not required to explicitly analyze

12  every piece of conflicting evidence in the record.  See

13  *Mongeur v Heckler*, 722 F.2d 1033 at 1040, Second Circuit

14  1983.  See also *Miles v Harris*, 645 F.2d 122 at 124, Second

15  Circuit 1981.  However, the ALJ cannot pick and choose

16  evidence in the record that supports his conclusions.  See

17  *Cruz versus Barnhart*, 343 F. Supp 2d 218 at 224, Southern

18  District of New York 2004.  See also *Fuller versus Astrue*,

19  No. 09-CV-6279.  It can be found at 2010 Westlaw 5072112

20  at 6.  A Western District of New York, December 6, 2010

21  decision.

22          I highlight the following facts in this case:

23  Plaintiff was born on September 10, 1963 and has a high

24  school diploma and completed two years of college.  See T.284

25  and T.289.  Plaintiff applied for Supplemental Security

Jeanette J. vs Saul

1   Income, also known as SSI, on March 3, 2016.  See T.129.  She

2   alleged that she was disabled due to a head injury, back

3   problems, including a bulging disc, depression, carpal tunnel

4   syndrome, difficulty seeing and hearing, sleeping problems

5   and issues with concentration and comprehension.  See T. at

6   288.  For additional facts see the ALJ's decision and

7   transcript of oral hearing at T.12 through 34 and T.35

8   through 78.

9            I now turn to the summary of the ALJ's

10  findings and decisions.  I start with, in issuing his

11  decision the ALJ indicated that the claimant has not engaged

12  in substantial gainful activity since March 3, 2016, the

13  application date.  See 20 CFR 416.971, et seq.  The ALJ

14  continued and stated the claimant has the following severe

15  impairments:  Degenerative changes in the cervical spine,

16  degenerative disc disease in the lumbar spine with disc

17  herniation, spondylolisthesis and spondylolysis, post

18  concussive syndrome, attention deficit hyperactivity

19  disorder, major depressive disorder, panic disorder and

20  posttraumatic stress disorder.  See 20 CFR 416.920(c).

21           The ALJ further noted the claimant does not

22  have an impairment or combination of impairment that meets or

23  medically equals the severity of one of the listed

24  impairments in 20 CFR Part 404, Subpart P, Appendix 1.  See

25  20 CFR 416.920(d) and also 416.925 and lastly 416.926.

Jeanette J. vs Saul

1              The ALJ concluded also that after careful

2      consideration of the entire record, the ALJ found that the

3      claimant has the residual functional capacity to perform

4      light work as defined in 20 CFR 416.967(b), except that

5      claimant can occasionally perform postural activities;

6      claimant can perform simple routine tasks; claimant can

7      occasionally interact with co-workers and the public;

8      claimant can tolerate infrequent workplace changes that are

9      gradually introduced and claimant cannot perform

10     production-paced work.

11             The ALJ went further on to state the claimant

12     is unable to perform any past relevant work, noting 20 CFR

13     416.965.  The ALJ further stated the claimant who was born on

14     September 10, 1963 and was 52 years old which is defined as

15     an individual closely approaching advanced age on the date

16     the application was filed, noting 20 CFR 416.963.  The ALJ

17     further stated that the claimant has at least a high school

18     education and is able to communicate in English, noting

19     20 CFR 416.964.  The ALJ also indicated that transferability

20     of job skills is not material to the determination of

21     disability because using the Medical-Vocational Rules as a

22     framework supports a finding that the claimant is not

23     disabled, whether or not the claimant has transferable job

24     skills.  ALJ noted SSR 82-41 and 20 CFR Part 404, Subpart P,

25     Appendix 2.

Jeanette J. vs Saul

1           The ALJ further stated considering the

2    claimant's age, education, work experience and residual

3    functional capacity, there are jobs that exist in significant

4    numbers in the national economy that the claimant can

5    perform.  The ALJ noted 20 CFR 416.969 and 416.969(a).  The

6    ALJ also stated the claimant has not been under a disability

7    as defined in the Social Security Act since March 3, 2016,

8    the date the application was filed, noting 20 CFR 416.920(g).

9           Lastly, the ALJ, the ALJ's decision and

10   conclusion is that based on the application for Supplemental

11   Security Income protectively filed on March 3, 2016, the

12   claimant is not disabled under Section 1614(a)(3)(A) of the

13   Social Security Act.

14           I turn next to the three issues that I believe

15   are in contention on this appeal:  First, the issue of

16   whether the ALJ properly assessed plaintiff's subjective

17   symptoms; second, whether the ALJ properly weighed the

18   medical evidence; and then whether the substantial evidence,

19   whether substantial evidence supports the ALJ's step five

20   finding, specifically whether the ALJ's error in failing to

21   discuss plaintiff's borderline age situation is harmless

22   error.

23           I now turn to the first three issues in

24   contention; that is, whether the ALJ properly assessed

25   plaintiff's subjective symptoms.  I find the ALJ did properly

Jeanette J. vs Saul

1   assess the plaintiff's testimony.  The ALJ stated that after

2   careful consideration of the evidence, I find that the

3   claimant's medically determinable impairments could

4   reasonably be expected to cause the alleged symptoms.  The

5   ALJ further stated, however, I conclude that her statements

6   concerning the intensity, persistence and limiting effects of

7   her symptoms are not fully consistent with the evidence.  The

8   ALJ further stated, in making this finding I have considered

9   the factors set forth in 20 CFR 416.929.  This can be found

10  at T.21.  The ALJ thereafter went on to analyze and conclude

11  that, quote, the medical evidence is not consistent with the

12  severity of symptoms and the degree of limitations that

13  preclude claimant from performing any work or clinical

14  findings, diagnostic tests and the treatment that claimant

15  has received provide a reasonable basis to conclude that

16  claimant has been capable of performing a range of light work

17  since the application date of March 3, 2016.  See T.21.

18            The ALJ further observed on October 30, 2015

19  claimant was in a car accident.  While she initially

20  exhibited few symptoms, she went to the emergency room the

21  following day complaining of headache and pain in her neck,

22  right shoulder, back, right hip and right foot.  The ALJ

23  noted diagnostic testing performed that day was unremarkable.

24  See T.21.

25            The ALJ thereafter methodically and thoroughly

Jeanette J. vs Saul

1   summarized the tests and treatment plaintiff received.  See

2   T.21 through 26.  At the conclusion of his detailed analysis

3   and summary, the ALJ stated that, quote, based upon my

4   consideration of factors set forth in 20 CFR 416.929, I

5   conclude that claimant's statements concerning the intensity,

6   persistence and limiting effects of her symptoms are not

7   fully consistent with the evidence.  The ALJ further stated,

8   the opinion evidence is not consistent with the severity of

9   symptoms and degree of limitations that would preclude

10  claimant from performing any work.

11          Furthermore, the ALJ then analyzed the opinion

12  evidence of Dr. Frye, Dr. Cole, Dr. Santoro and Dr. Bruno.

13  In addition to the extensive analysis performed by the ALJ,

14  the Court was able to glean the rationale of the ALJ's

15  decision.  Lastly, this Court finds defendant's arguments on

16  this to be persuasive and also adopts those arguments.

17          A second issue of contention is whether the

18  ALJ properly weighed the medical evidence.  This Court finds

19  that the ALJ did properly weigh the opinion of Dr. Frye for

20  the reasons stated in defendant's brief and memorandum of

21  law.  I find that argument in the defendant's brief to be

22  persuasive and I do adopt it.  I also find that the ALJ did

23  not commit an error as to this issue.  Additionally, a

24  searching review of the record assures this Court that the

25  medical evidence was properly weighed.  The ALJ didn't adopt

Jeanette J. vs Saul

1  a portion of Dr. Frye's opinion because it conflicted with

2  medical evidence the ALJ mentioned in the paragraphs

3  immediately preceding his discussion of Frye's opinion, which

4  was the same evidence he used to discount plaintiff's

5  subjective symptoms.  See T.21 through 26.  See also *Fifer v*

6  *Commissioner of Social Security*, No. 14-14584, that can be

7  found at 2016 Westlaw 1399254 at 2, an Eastern District of

8  Michigan, April 11, 2016 case.  Wherein it states,

9  explanation must be viewed against the backdrop of the

10 discussion of the treating records that preceded it.  I point

11 out that this discussion viewed as a whole is not so obscure

12 as to make the judicial review contemplated by the Social

13 Security Act a perfunctory process.  See *Colorado Interstate*

14 *Gas Company v Federal Power Commissioner*, 324 US 581 at 595,

15 1945, finding that the path which the agency followed can be

16 discerned even though its findings were quite summary and

17 incorporated by reference the evidence upon which it relied.

18 See *Rice v Barnhart*, 384 F.3d 363 at 370, note 5, Seventh

19 Circuit 2004.  It is proper to read the ALJ's decision as a

20 whole and it would be a needless formality to have the ALJ

21 repeat substantially similar factual analyses.  Based on all

22 of that, I do find the ALJ properly weighed the opinion of

23 Dr. Frye.

24             I next turn to the last issue of contention in

25 this case and that is whether the substantial evidence

1   supports the ALJ's step five finding.  At step five of the

2   disability analysis the burden shifts to the ALJ to

3   demonstrate that there is other work in the national economy

4   that plaintiff can perform.  See *Poupore versus Astrue*, 566

5   F.3d 303 at 306, Second Circuit 2009.  If the ALJ utilizes a

6   vocational expert, also known as a VE, at this hearing, the

7   VE is generally questioned using a hypothetical question that

8   incorporates plaintiff's limitations.  See *Aubeuf v*

9   *Schweiker*, 649 F.2d 107 at 114, Second Circuit 1981.  The ALJ

10  may rely on a VE's testimony regarding the availability of

11  work as long as the hypothetical facts the expert is asked to

12  consider are based on substantial evidence and accurately

13  reflect the plaintiff's limitations.  See *Calabrese v Astrue*,

14  385 Fed Appendix 274 at 276, Second Circuit 2009.  Where the

15  hypothetical is based on an RFC analysis supported by

16  substantial facts, the hypothetical is proper.

17          At step five the ALJ had to demonstrate that

18  plaintiff was capable of performing jobs that existed in

19  significant numbers in the national economy.  See 20 CFR

20  Section 404.1520(a)(4)(v).  A borderline age situation exists

21  in this case.  The regulations direct that the age category

22  that applies to a plaintiff during the period for which she

23  claims disability be used to determine whether or not

24  plaintiff is disabled.  See *Pennock versus Commissioner of*

25  *Social Security*, No. 7:14-CV-1524.  That can be found at 2016

Jeanette J. vs Saul

1   Westlaw 1128126 at 10, a Northern District of New York,

2   February 23, 2016 Report and Recommendation adopted by 2016

3   Westlaw 1122065, Northern District New York, March 22, 2016,

4   and that case citing 20 CFR Sections 404.1563(b) and

5   416.936(b).  The regulations make clear, however, that the

6   age categories are not to be applied mechanically in a

7   borderline situation such as where a claimant is within a few

8   days or months of obtaining an older age category and using

9   the older age category would result in a determination or

10  decision that the plaintiff is disabled.  See *Pennock*, 2016

11  Westlaw 1128126 at 10, citing therein 20 CFR Sections

12  404.1563(b) and 416.936(b).  Courts within the Second Circuit

13  have concluded that three months constitutes the outer limits

14  of a few months for the purposes of borderline age.  See

15  *Pennock*, 2016 Westlaw 1128126 at 11, collecting cases

16  regarding periods of time that were found to be borderline or

17  not, but see also *Kathy H v Commissioner of Social Security*,

18  19-CV-0684.  That can be found at 2020 Westlaw 3960846 at

19  pages 12 through 13, and that is a Northern District of New

20  York, July 13, 2020 case issued by Magistrate Judge Baxter,

21  concluding that consistent with agency guidance and several

22  other District Court cases from within the Second Circuit,

23  that up to six months from the next age category may be

24  borderline.  In evaluating whether to apply the older age

25  category the agency considers the overall impact of all the

1    factors in your case.  See 20 CFR Sections 404.1563(b) and

2    416.963(b).  If a claimant's age is borderline and the ALJ

3    fails to consider whether the higher age category should be

4    used, remand is warranted so long as a higher age category

5    would entitle the claimant to benefits.  See *Woods v Colvin*,

6    218 Fed Supp 3d 204 at 207, Western District New York, 2016.

7    See also *Koszuta v Colvin*, No. 14-CV-0694.  That can be found

8    at 2016 Westlaw 824445 at 2, a Western District New York,

9    March 3, 2016 case and standing for the proposition that

10   finding remand appropriate where the ALJ failed to consider

11   the borderline age situation, which would have required him

12   to consider and make additional findings on issues such as

13   transferability of work skills in order to determine whether

14   plaintiff was disabled.  See also *Jerome versus Astrue*,

15   No. 2:08-CV-0098.  That can be found at 2009 Westlaw 3757012,

16   at 13, a District of Vermont, November 6, 2009 case standing

17   for the proposition, finding the ALJ's mechanical application

18   of the Medical-Vocational Guidelines unsupported by

19   substantial evidence where he failed to consider whether a

20   borderline age situation existed.

21            As to the borderline age issue in this matter,

22   the ALJ in his written decision stated that the claimant was

23   an individual closely approaching advanced age on the date

24   the application was filed.  See T.27.  The ALJ in this case

25   said nothing more about this borderline age situation and

Jeanette J. vs Saul

1    conducted no further analysis in this case.  At the time of

2    the ALJ's decision claimant was two months and twenty-six

3    days away from her 55th birthday which would take her into

4    the advanced age, which would take her into the advanced age

5    grid category.  This is within the Second Circuit's three

6    month rule or six month rule with cases that I previously

7    mentioned within the Second Circuit courts.

8              In considering the grids, the ALJ used an RFC

9    of light work.  The ALJ then considered Medical-Vocational

10   Rule 202.14, finding that the grids would dictate a finding

11   of not disabled if plaintiff had the RFC to perform a full

12   range of light work.

13             Rule 202.14 for a light work RFC assumes a

14   person closely approaching advanced age with a high school or

15   more education, and skilled or semi-skilled with the skills

16   not transferable, which dictates a not disabled finding.  See

17   CFR Part 404, Subpart P, Appendix 202.14.

18             However, if one considers that the same

19   individual is of advanced age, there are two potentially

20   relevant rules.  The first assumes an individual with a high

21   school or more education that does not provide for entry into

22   skilled work, and skilled or semi-skilled but skills not

23   transferable.  See 202.06.  This rule dictates a finding of

24   disabled.

25             The second rule assumes an individual with a

Jeanette J. vs Saul

 1   high school or more education that does provide for entry

 2   into skilled work, and skilled or semi-skilled but not

 3   transferable.  See 202.08.  This rule dictates a finding of

 4   not disabled.

 5            The ALJ never specifically considered whether

 6   plaintiff was close enough to the next age category on her

 7   date last insured to use the advanced age grid.  Because

 8   there was no consideration of whether to use the advanced age

 9   category, there was also no consideration of whether

10   Rule 202.06 or 202.08 would have applied to plaintiff in this

11   case.  If Rule 202.06 applied, the grid would, the grid would

12   have dictated a finding of disability even without the VE's

13   evidence.

14            In light of the ALJ's failure to consider

15   whether a borderline age situation existed in plaintiff's

16   case, in this case I find that remand is appropriate.  See

17   *Spease v Saul*, 220 Westlaw 3566902 at 10, District of

18   Connecticut, July 1, 2020 case.  Concluding that because the

19   ALJ, because the ALJ failed to consider whether a borderline

20   age situation existed in the plaintiff's case, remand was

21   appropriate.  See also *Goncalves versus Berryhill*,

22   17-CV-1830.  That can be found at 2018 Westlaw 6061570 at 6,

23   a District of Connecticut, November 20, 2018 case, and in

24   that case concluding the same and remanding to the ALJ for

25   proper consideration of claimant's borderline age situation.

Jeanette J. vs Saul

1  Further, see *Johnson versus Berryhill*, 17-CV-1651.  That's

2  found at 2019 Westlaw 1430242 at 12, District of Connecticut,

3  March 29, 2019 case and therein remanding for the ALJ to

4  consider whether a borderline age situation existed in the

5  first place.  Also, see *Amato versus Berryhill*, 16-CV-6768.

6  That can be found at 2019 Westlaw 4175049 at 5, a Southern

7  District New York, September 3, 2019 case and therein

8  remanding because, quote, given the fact that the ALJ

9  explicitly failed to consider Amato's borderline age

10 situation, this Court cannot complete this review without

11 some showing as to the Commissioner's consideration of

12 applying the higher age category which she indisputably is

13 required to do, end of quote.

14         I will thus, in this particular case, remand

15 this case to the ALJ to consider whether a borderline age

16 situation exists and, if so, to determine under the

17 circumstances of this case whether to use plaintiff's

18 chronological age or to evaluate her using the next higher

19 age category.

20         It is therefore my decision based on the

21 findings as set forth herein on the record that plaintiff's

22 motion for judgment on the pleadings, Docket No. 9, is

23 granted.  The Commissioner's motion for judgment on the

24 pleadings, Docket No. 11, is denied and I am remanding this

25 matter to the Commissioner for further administrative

Jeanette J. vs Saul

1   proceedings consistent with this opinion and decision

2   pursuant to sentence four of Title 42 United States Code

3   Section 405(g).

4                   All right.  That constitutes the Court's

5   decision.  As I indicated, I will issue a short order and I

6   will attach in the docket, with that order, the transcript of

7   only my Decision and Order as I have just rendered on the

8   record and delivered on the record.

9                   Ms. Krupar, is there anything else from the

10  plaintiff?

11                  MS. KRUPAR:  No, your Honor.  Thank you for your

12  time.

13                  THE COURT:  Okay.  Mr. Tarabelli?

14                  MR. TARABELLI:  No.  Thank you, your Honor.

15                  THE COURT:  All right.  Thank you both.  As I

16  indicated earlier, thank you both for excellent briefs and

17  very good arguments and the Court will stand adjourned and

18  have a great rest of the week and be safe and healthy out

19  there.  Thank you both.

20                  MS. KRUPAR:  Thank you.

21                  THE COURT:  All right.

22                  (Court stands adjourned)

23

24

25

```
 1                 CERTIFICATE OF OFFICIAL REPORTER

 2

 3

 4

 5           I, VICKY A. THELEMAN, Federal Official

 6   Realtime Court Reporter, in and for the United

 7   States District Court for the Northern District of

 8   New York, do hereby certify that pursuant to Section

 9   753, Title 28 United States Code that the foregoing

10   is a true and correct transcript of the

11   stenographically reported proceedings held in the

12   above-entitled matter and that the transcript page

13   format is in conformance with the regulations of the

14   Judicial Conference of the United States.

15

16

17                             /s/ Vicky A. Theleman

18                        VICKY A. THELEMAN, RPR, CRR

19                        US District Court - NDNY

20

21

22   Dated:  August 21, 2020.

23

24

25
```